## No. 4843.

### STATE OF LOUISIANA *v.* E. A. GIROUX and C. GIROUX.

The refusal of the judge to order the separation of the witnesses is a matter within his sound discretion.

The judge *a quo* was correct in refusing to charge that, "if from the nature of ·the assault, Giroux had reasonable grounds to believe that the life of his wife was in danger, or some felony was about to be committed upon the person of his wife and was at the time of the killing being inflicted upon her person, then the killing was done in self defense." This would have required the judge to assume the fact that the assault upon his wife was without provocation, for if the wife was the aggressor, the killing would not be excusable in self defense.

The judge *a quo* did not err when he refused to charge the jury, "that they must take into consideration the crippled condition of the accused." The cripple was not assaulted, and his being a cripple did not give him any greater right to kill one who assaulted his wife, than other men possess.

There was no error in the charge of the judge *a quo* that the principle decided in the case of Selfridge by the Supreme Court, "was the law of Louisiana, whenever there is any application to the case."

The judge *a quo* correctly refused to charge, in regard to the dying declarations of the deceased, "that the statement must be complete in itself; for, if the declarations appear to have been intended by the dying man to be connected with and qualified by other statements, which he is prevented from any cause from making, they will not be received." The defendant's counsel did not object to the admission of said declarations, but on the contrary used them, and referred to them as evidence in the argument before the jury.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. *A. P. Field,* Attorney General, for the State. *H. C. & J. H. Castellanos,* for E. A. Giroux, defendant and appellant.

LUDELING, C. J. The defendant, E. A. Giroux, having been found guilty of murder, without capital punishment, has appealed.

Besides the questions presented by the bills of exceptions, the defendant urges the following objections : that there is no record of the names of the grand jury, nor does it appear that twelve of said jurors concurred in finding the indictment. These objections are not tenable. See State *v.* Kennedy, 8 Rob. 591 ; 12 An. 862 ; and State *v.* Thomas, 25 An.; Ray's Revised Statutes, p. 196, sec. 992.

The first bill of exceptions was to the appearance of George H. Braughn, Esq., to represent the State. He exhibited his authority and

State of Louisiana v. Giroux and Giroux.

under the law of this State was properly allowed to represent the State. See State *v.* Donnelly, 25 An.

The next bill was to the refusal of the judge to order the separation of the witnesses. This was a matter within the sound discretion of the judge *a quo.* 1 Greenl. Ev. p. 479 and 432.

The next exception was to the ruling of the judge refusing to charge the jury, "that if from the nature of the assault Giroux had reasonable grounds to believe that the life of his wife was in danger, or some felony was about to be committed upon the person of his wife, and was at the time of the killing being inflicted upon her person, then the killing was done in self defense." This would have required the judge to assume the fact that the assault upon the wife was without provocation, for, if the wife was the aggressor, the killing would not be excusable in self defense. American Crim. Law by Wharton 4 Rev. Edition, p. 1020, and authorities cited in note. The charge as modified by the court was perhaps more favorable to the prisoner than was authorized by the law. The next exception was to the refusal of the judge to charge the jury that they must take into consideration the crippled condition of the accused. The cripple was not assaulted, and his being a cripple did not give him any greater right to kill one who assaulted his wife, than other men possess. The next bill refers to the law of self defense. The counsel for the prisoner asked the judge to charge the jury "that the doctrine laid down in the case of Selfridge was the law of Louisiana and had been affirmed by the Supreme Court." The charge given was—"it is, whenever there is any application to the case." The charge was substantially correct. The judge did not think the principle decided in that case applicable to the case at bar, and while stating that the doctrine enunciated in that case had been approved by the Supreme Court of this State, he did not see that the principle was applicable in this case. We concur with him.

The next and last bill is to the refusal of the judge to charge in regard to the dying declarations of the deceased, "that the statement must be complete in itself, for, if the declarations appear to have been intended by the dying man to be connected with and qualified by other statements, which he is prevented by any cause from making, they will not be received." The judge refused to give this charge on the ground that the defendant's counsel did not object to the admission of said declarations, but on the contrary, used and referred to them as evidence in the argument before the jury. The judge did not err.

It is therefore ordered and adjudged that the judgment of the lower court be affirmed with costs.